# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:14-CR-00016-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| KEVIN DEWALT, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Kevin Dewalt's Motion for Reduced Sentence under the First Step Act of 2018. (Doc. No. 15) ("Motion"). Defendant contends that he is eligible for a reduction in his sentence under the First Step Act and asks the Court to reduce his sentence to Time Served with no additional term of supervised release. (Doc. No. 15, at 10). The Government, while agreeing that Defendant is eligible for a reduction in his sentence, consents to a reduction in Defendant's sentence to 24 months of imprisonment, but not to Time Served. (Doc. No. 17). Having carefully reviewed the motion, the Government's response, Defendant's reply, and all other relevant portions of the record, the Court will grant in part and deny in part Defendant's motion and impose a reduced sentence of 24 months in prison with all other terms and conditions of Defendant's sentence to remain in full force and effect.

## I. BACKGROUND

On January 6, 2004, Defendant pleaded guilty in the United States District Court for the Middle District of North Carolina to two counts of distributing crack cocaine in violation of 21 U.S.C. § 841(b)(1)(B). (Doc. No. 1). Defendant distributed approximately 14 and 26 grams of crack cocaine, respectively. (Doc. No. 15-1, at 2). At the time of his offense, each count carried a

1

statutory penalty range of 5 to 40 years and a minimum supervised release term of 4 years. Based on a drug quantity of 79.1 grams of crack, the applicable guidelines range at the time of his sentencing was 151 to 188 months. (Doc. No. 16, at 1). The district court sentenced Defendant to 167 months in prison and 5 years of supervised release. (Doc. No. 1-2, at 3); (Doc. No. 2, at 1).

On February 8, 2011, the sentencing court reduced Defendant's sentence to 144 months of imprisonment based on retroactive Amendment 706 to the United States Sentencing Guidelines. (Doc. No. 2, at 1). On January 10, 2012, Defendant's sentence was further reduced to 102 months of imprisonment based on retroactive Amendment 750 of the United States Sentencing Guidelines. *Id.*

Defendant begin serving his term of supervised release on January 20, 2012. *Id.* On April 14, 2014, jurisdiction over Defendant's supervised release was transferred to the Western District of North Carolina. *Id.* In December of 2015, the probation office petitioned this Court to revoke Defendant's supervised release, alleging that Defendant committed 10 new-law violations of the conditions of his supervised release. *Id.* at 2-4. Nine of the violations involved drug-related offenses and one involved Defendant's unlawful possession of a firearm. The petition also alleged two additional violations of the conditions of Defendant's supervised release, one involving his possession of cocaine and heroin and the other involving his possession of multiple firearms. *Id.* at 3-4.

Defendant faced a maximum of 3 years in prison on his revocation of supervised release under 18 U.S.C. § 3583(e)(3). *Id.* at 6. Because four of the charged violations were Grade A violations, the probation office concluded that the Sentencing Guidelines policy statement, U.S.S.G. § 7B1.4(a), advised a sentence of 33 to 41 months in prison, capped at the statutory maximum of 36 months. *Id.* at 7. Defendant admitted to the charged violations, and on August 14, 2019, this Court

revoked Defendant's supervised release and sentenced him to 36 months in prison for the Grade A violations, to a concurrent term of 27 months for the Grade B violations, and to a concurrent term of 14 months for the Grade C violations. (Doc. No. 12, at 2). This Court also imposed a supervised release term of 2 years. *Id.* at 3. Defendant's current projected release date is November 5, 2021. *Id.* He now moves for a reduction in his sentence under the First Step Act of 2018.

## II. LEGAL STANDARD

A sentence of imprisonment is final and may not be modified once it has been imposed except in narrow circumstances. 18 U.S.C. § 3582(c). One such circumstance is when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

The First Step Act of 2018 expressly permits sentencing modifications. § 404, 132 Stat. at 5222. As relevant here, the First Step Act makes retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act "reduces the statutory penalties for cocaine base offenses" to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). Section 2 of the Fair Sentencing Act modified the drug quantities required to trigger mandatory minimum sentences for cocaine base (often referred to as crack cocaine) trafficking offenses; it increased the amount required to trigger the five-year mandatory minimum from 5 grams to 28 grams and increased the amount required to trigger the ten-year mandatory minimum from 50 grams to 280 grams. *See United States v. Wirsing*, 943 F.3d 175, 179 (4th Cir. 2019) (citing Fair Sentencing Act, § 2, 124 Stat. at 2372). Section 3 eliminated the five-year mandatory minimum for simple possession of crack. *Id.* (citing Fair Sentencing Act, § 3, 124 Stat. at 2372).

The relevant provisions of the First Step Act apply to "a covered offense," which means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section

3

2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. The First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404, 132 Stat. at 5222. "Even if a defendant is eligible for a sentence reduction, however, the decision whether to grant a reduction is entrusted to the district court's discretion." *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020) (citing § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.")). When exercising its discretion, a district court considers the factors set forth in Section 3553(a). *See* 18 U.S.C. § 3553(a).

### III. DISCUSSION

When a defendant seeks a reduced sentence under Section 404 of the First Step Act, this Court's review proceeds in two steps. First, the Court must determine whether the defendant was sentenced for a "covered offense" as defined by the Act, and is, therefore, eligible for a sentence reduction. Here, the parties agree that Defendant is eligible for a First Step Act reduction. The Fourth Circuit in *United States v. Wirsing*, 943 F.3d 175, held that any defendant who is serving a sentence "for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act"—is eligible to "seek a reduction under the First Step Act." *Id.* at 185. In November of 2019 the Fourth Circuit held in *United States v. Venable* that a district court has authority under the First Step Act to reduce the sentence of a defendant who is serving "a term of imprisonment for revocation of supervised release whose original, underlying conviction was for a 'covered offense.'" 943 F.3d 187, 194 (4th Cir. 2019). Accordingly, Defendant is eligible for a reduction under the First Step Act because Defendant was

4

convicted of a "covered offense" and his revocation sentence "is a component of his underlying original sentence for the drug conviction." *Id.*

Second, if a defendant is eligible, the Court exercises its discretion to determine whether to reduce the defendant's sentence. *See Jackson*, 952 F.3d at 495 (recognizing that district courts are given broad discretion in deciding whether to grant a sentence reduction under Section 404 of the First Step Act). In doing so, the Court considers the Section 3553(a) factors, including the now applicable guidelines range and any mitigating evidence arising from the defendant's post-sentencing rehabilitation. *See United States v. Martin*, 916 F.3d 389 (4th Cir. 2019).

In his motion, Defendant submits that a sentence of Time Served is warranted under the Section 3553(a) factors. (Doc. No. 15, at 8). Defendant argues that the now-applicable maximum imprisonment term for his supervised release violation is 24 months. At the time of Defendant's underlying convictions, his statutory penalties were imprisonment for 5 to 40 years under 21 U.S.C. § 841(b)(1)(B). (Doc. No. 16). Because Defendant's underlying Section 841 offense was classified as a Class B felony, he faced a guidelines range of 33 to 41 months for his supervised release violation, capped at a statutory maximum penalty of 36 months. With the application of the First Step Act, the statutory penalties for Defendant's underlying convictions become imprisonment for not more than 20 years, and a term of supervised release of not less than 3 years pursuant to 18 U.S.C. § 841(b)(1)(C). (Doc. No. 16). Reducing the statutory maximum from 40 years under Section 841(b)(1)(B) to 20 years under Section 841(b)(1)(C) converts Defendant's underlying offense from a Class B felony to a Class C felony, which reduces the revocation guidelines range from 33 to 41 months to 24 months. (Doc. No. 16).

Defendant has already served 18 months of his sentence. He argues that rather than impose a determinate sentence, this Court should reduce his sentence to Time Served based on the Section

5

3553(a) factors. In support of his argument for a Time Served sentence, Defendant points to the fact that he served a significantly longer sentence for his original offense than would be required under current law. He also cites to his conduct within the BOP as evidence of post-sentencing rehabilitation. While incarcerated, Defendant has incurred no disciplinary infractions and completed over 589 hours of educational programming. (Doc. No. 15, at 10). Taken together, Defendant asserts that these facts support a reduced sentence of Time Served and no additional term of supervised release (or at the most, one year of supervised release). *Id.* at 9. The Government consents to a reduction in Defendant's revocation sentence to 24 months, but argues that the Section 3553(a) factors weigh against any further reduction in Defendant's sentence. (Doc. No. 17, at 5).

The Court agrees to reduce Defendant's sentence to 24 months based upon the Government's consent and the Section 3553(a) factors. However, the Court does not agree that the relevant Section 3553(a) factors warrant a further reduction in Defendant's revocation sentence.

In weighing the relevant Section 3553(a) factors, the Court finds particularly significant the need to promote respect for the law, afford adequate deterrence to criminal conduct, and to protect the public from further crimes of Defendant. Even after serving a lengthy prison sentence, Defendant made the choice to return to the same drug-trafficking crimes that led to his original prison sentence. Defendant committed *ten* new-law violations while out on supervised release; nine for the very conduct that placed him in prison originally. By committing these violations, he violated this Court's trust and a 24-month sentence is warranted for the violation of that trust. Additionally, the need to protect the public from Defendant's criminal behavior and the need to deter Defendant from violating the conditions of his supervised release again weigh in favor of a 24-month sentence. Defendant's criminal behavior while on supervised release undermines his

6

argument that he became rehabilitated while in prison and weighs against reducing his sentence below the term recommended by the Sentencing Guidelines.

As for Defendant's argument that a reduction to Time Served is appropriate because he significantly over-served his original sentence, it is important to note that Defendant's current term of imprisonment is for violating the Court's trust, not his original offense conduct. Public policy considerations, like the need to protect the public and the need for deterrence, counsel against the Court allowing this Defendant to "bank" time on an original sentence and seek to use that time as a basis for reduced incarceration on a revocation sentence. *See, e.g.*, *Miller v. Cox*, 443 F.2d 1019, 1021 (4th Cir. 1971) ("[T]he availability of credit against sentences for future crimes would provide a sense of immunity and incentive to engage in criminal conduct."). This is especially true when Defendant's revocation sentence was based on numerous new-law violations.

In his reply, Defendant argues that the United States Attorney for the Middle District of North Carolina agreed that a Time Served sentence was appropriate in Defendant's case and that this should be given "significant deference." (Doc. No. 18, at 2). The Court is not bound by a sentence reduction recommendation made by either party, let alone the recommendation from a United States Attorney from another district. Moreover, it was this Court that sentenced Defendant to his current term of imprisonment and weighed the Section 3553(a) factors to determine that a maximum statutory term of 36 months was sufficient, but not greater than necessary, to accomplish the goals of sentencing in 18 U.S.C. § 3553(a). Having previously sentenced Defendant, this Court has significant knowledge of this case and the circumstances leading to Defendant's current imprisonment and disagrees that a Time Served sentence is appropriate in this case.

Furthermore, Defendant's contention that his inability to receive the benefit of the Residential Drug Abuse Program (RDAP) due to the COVID-19 pandemic weighs in favor of a Time Served

sentence is not enough to persuade this Court that it should vary below the suggested 24-month range recommended by the Sentencing Guidelines.

## IV. ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence under the First Step Act of 2018, (Doc. No. 15), is **GRANTED IN PART** and **DENIED IN PART**. The Court hereby orders that Defendant's term of imprisonment and commitment to custodial authorities is reduced to an aggregate sentence of **TWENTY-FOUR (24) MONTHS** of imprisonment.

All other terms and conditions of Defendant's sentence remain in full force and effect.

**SO ORDERED.**

Signed: September 9, 2020

Kenneth D. Bell
United States District Judge